OPINION
On May 19, 2000, the Fairfield County Grand Jury indicted appellant, John Rutter, on one count of involuntary manslaughter with the underlying offense being a felony in violation of R.C. 2903.04(A) and one count of murder in violation of R.C. 2903.02(B). Said charges arose from an incident which caused the death of George Crawford.
A jury trial commenced on July 18, 2000. The jury found appellant not guilty on the two counts contained in the indictment, but guilty of the lesser included offense of involuntary manslaughter with the underlying offense being a misdemeanor [R.C. 2903.04(B)]. By judgment entry filed August 3, 2000, the trial court sentenced appellant to five years in prison.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT COMMITTED HARMFUL ERROR IN IMPOSING THE MAXIMUM SENTENCE UNDER THE "WORST FORM OF THE OFFENSE" SENTENCING FACTOR.
 II THE TRIAL COURT COMMITTED HARMFUL ERROR IN IMPOSING THE MAXIMUM SENTENCE UNDER THE "GREATEST LIKELIHOOD OF RECIDIVISM" SENTENCING FACTOR.
 I, II
Appellant claims the trial court erred in imposing the maximum sentence for the offense of involuntary manslaughter. Specifically, appellant's assignments of error claim neither the facts nor the trial court's findings justify a finding of the "worst form of the offense" or "greatest likelihood of recidivism." We disagree.
At the outset, we note R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(1) states as follows:
 The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
That the record does not support the sentence;
* * *
That the sentence is otherwise contrary to law.
Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
Appellant was found guilty of involuntary manslaughter with the underlying offense being a misdemeanor, a felony of the third degree. R.C. 2903.04(C). Pursuant to R.C. 2929.14(A)(3), felonies of the third degree are punishable by "one, two, three, four, or five years."
By judgment entry filed August 3, 2000, the trial court sentenced appellant to the maximum term, five years. R.C. 2929.14(C) governs maximum sentencing and states as follows:
 Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
As we noted in State v. Butts (December 30, 1999), Licking App. No. 99CA0029, unreported, this statute is drafted in the disjunctive. Therefore, if a trial court finds any of the "above-listed offender categories" to apply, the maximum sentence may be imposed.It is uncontested by appellant that he has numerous prior felony convictions. July 28, 2000 T. at 15-16; Sentencing Memorandum of Appellee filed July 28, 2000.[1] In its judgment entry of sentence, the trial court found appellant was likely to commit future crimes for the following reasons:
 § 2929.12(D)(1) applies as the Defendant was either on probation or parole.
 The Defendant previously was adjudicated a delinquent child pursuant to Chapter 2151 of the Revised Code. (§ 2929.12(D)(2)).
 The Defendant has a history of criminal convictions. (§ 2929.12(D)(2)).
 The Defendant has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child. (§ 2929.12(D)(3)).
 The Defendant has not responded favorably to sanctions previously imposed for criminal convictions. (§ 2929.12(D)(3)).
 The Defendant's criminal history demonstrates a pattern of alcohol or drug abuse that is probably related to this offense. (§ 2929.12(D)(4)).
These findings alone are sufficient to justify the imposition of the maximum sentence. With these findings being unrefuted, we concur with appellant's position that Assignment of Error I regarding the "worst form of the offense" is moot:
 It is conceded that if the record demonstrates that the trial court found Mr. Rutter to pose the greatest likelihood of recidivism or supported such a conclusion, any error committed by the court's inability to find that the worst form of the offense had occurred would be rendered harmless.
Appellant's Brief at 11.
Accordingly, Assignment of Error II is denied and Assignment of Error I is rendered moot.
The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County is affirmed.
 _______________________ Farmer, J.
Gwin, P.J. and Hoffman, J. concur.
[1] Ten misdemeanors and ten felonies extending from 1977 to 1994 in Ohio and Florida.